IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MICHAEL EVANS II | ) | CIVIL DIVISION |
| | ) | |
| | ) | No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| LVNV Funding LLC, Resurgent Capital Services, LP, Financial Recovery Services Inc., CTI Collection Services, Sears/Citibank South Dakota N.A., And TransUnion LLC, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 1 of 15

## COMPLAINT

NOW comes James Michael Evans II by his counsel, Sheets, Rosselli, Horowitz & Collins LLC and files the following Complaint:

### I.   PARTIES

1. Plaintiff, James Michael Evans II, is an adult individual who resides within Washington County, Pennsylvania and is deemed a "consumer" under Section 1692a(3) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as well as Section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Defendant, LVNV Funding LLC, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as well as a "furnisher" of information as contemplated by 15 U.S.C. §§ 1681s-2(a), (2), (4) and (5).  LVNV Funding LLC has a business address of 15 South Main Street, Suite 600, Greenville, South Carolina 29601 ("LVNV").

3. Defendant, Resurgent Capital Services, LP, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as well as a "furnisher" of information as contemplated by 15 U.S.C. §§ 1681s-2(a), (2), (4) and (5).  Resurgent Capital Services, LP, has a business address of 15 S.Main St., Suite 600, Greenville, South Carolina 29601 ("Resurgent").

4. Defendant, Financial Recovery Services, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as well as a "furnisher" of information as contemplated by 15 U.S.C. §§ 1681s-2(a), (2), (4) and (5). Financial Recovery Services, Inc. has a business address of 4640 West 77th Street, Suite 300, Edina, Minnesota 55435 ("FRS").

5. Defendant, CTI Collection Services, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as well as a "furnisher" of information as contemplated by 15 U.S.C. §§ 1681s-2(a), (2), (4) and (5). CTI Collection Services has a business address of 3333 West Arthington Street, Chicago, Illinois 60620 ("CTI").

6. Defendant, Sears/Citibank South Dakota N.A., is a national commercial bank that issues and services credit cards and credit card debt as well as a "furnisher" of information as contemplated by 15 U.S.C. §§ 1681s-2(a), (2), (4) and (5). Sears/Citibank South Dakota N.A. has a business address of 701 E. 60th Street North, Sioux Falls, South Dakota 57104-0432 ("Sears/CBSD").

7. Defendant, TransUnion LLC, is a "consumer reporting agency" as contemplated by 15 U.S.C. § 1681(f) with a business address of 555 West Adams Street, Chicago, Illinois 60661-3614. Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information for the purpose of furnishing consumer reports to third parties (often for monetary compensation).

## II.   JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331 because this action arises out of numerous violations of the FDCPA as well as the FCRA. This Court also has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has jurisdiction over the Defendants since the Defendants conduct business in this District, and a substantial part of the events, acts or omissions giving rise to the present claims occurred inside this District.

10. This Court is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Defendants conduct business in this District and a substantial portion of the events, acts and/or omissions giving rise to the claims occurred in this District.

### III. FACTUAL BACKGROUND

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 3 of 15

11. Mr. Evans received a letter from CTI dated October 11, 2007.

12. In said letter, CTI stated that it had been retained to collect from Mr. Evans a credit card debt that was originated by Sears/CBSD and in the amount of $6,433.88..

13. This debt allegedly arose from a financial obligation that was primarily for personal, family or household purposes that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On or about October 15, 2008, Angela Ward from CTI called Mr. Evans' residence and left a message on his family's answering machine concerning the collection of the Sears/CBSD debt.

15. Angela Ward from CTI left two additional messages for Mr. Evans on his family's answering machine on October 16, 2007, and October 18, 2007.

16. On or about October 20, 2007, Mr. Evans contacted Sears/CBSD to inquire into the debt upon which CTI was attempting to collect.

17. During this conversation with a Sears/CBSD representative, Mr. Evans explained that he never incurred debt with Sears/CBSD in his life. Mr. Evans further explained that the debt upon which CTI was collecting most likely pertained to his parents.

18. Sears/CBSD claimed that its records were accurate and insisted that Mr. Evans had, in fact, incurred a debt with Sears/CBSD.

19. The absurdity of the position taken by Sears/CBSD is highlighted by the fact that Mr. Evans would have been twelve years of age when the credit card in question was allegedly issued to him.

20. Sears/CBSD refused to take any further action with respect to this debt disputed by Mr. Evans – including any type of reasonable investigation to determine the veracity of Mr. Evans' dispute and/or the accuracy of its records.

21. After this telephone conversation with the Sears/CBSD representative and on the very same day, Mr. Evans sent a letter to TransUnion that disputed the debt with Sears/CBSD, alerted TransUnion to possible fraudulent activity and requested a free copy of his credit report.

22. On or about October 23, 2007, Mr. Evans received a written response from TransUnion that informed Mr. Evans of the results of its investigation as well as enclosed a copy of his credit report.

23. According to TransUnion, TransUnion deleted the Sears/CBSD debt from Mr. Evans' credit report.

24. The credit report that accompanied this response from TransUnion corroborated TransUnion's representation since there did not appear any reference to the Sears/CBSD debt and, for that matter, any adverse accounts whatsoever.

25. On or about November 6, 2007, Susan Wallace from CTI left a message for Mr. Evans on his family's answering machine.

26. Mr. Evans attempted on three separate occasions to return Ms. Wallace's phone call. Mr. Evans' calls to Ms. Wallace went unreturned.

27. On or about November 13, 2007, Mr. Evans contacted CTI and spoke with a supervisor by the name of Nate King.

28. Mr. Evans disputed the Sears/CBSD debt with Mr. King. Mr. King, in turn, asked Mr. Evans to submit this dispute in writing.

29. By letter dated November 13, 2007, Mr. Evans disputed the Sears/CBSD debt with CTI.

30. CTI never once supplied verification of the Sears/CBSD debt to Mr. Evans.

31. On or about December 7, 2007, Mr. Evans received a letter from Resurgent that informed Mr. Evans that Resurgent had been retained to collect from Mr. Evans the Sears/CBSD debt. The balance claimed by Resurgent at this time was $6,496.15.

32. This letter from Resurgent also indicated that the present owner of the Sears/CBSD debt was LVNV.

33. On or about December 12, 2007, Mr. Evans received a letter from Resurgent that set forth the following in pertinent part: **"We have received your recent inquiry regarding this account and are in the process of investigating your claim. Once a determination is made, we will contact you with the results of our research."** The balance of the Sears/CBSD debt claimed by Resurgent at this time was $6,501.43.

34. Resurgent never followed through on its promise to investigate Mr. Evans' dispute of the Sears/CBSD debt, let alone inform Mr. Evans of the results of its investigation.

35. On or about April 20, 2008, Brian Tyler of FRS left a message for Mr. Evans on his family's answering machine regarding the Sears/CBSD debt.

36. The following day, Mr. Evans returned Mr. Tyler's call and left a voice mail.

37. On or about April 21, 2008, FRS sent a letter to Mr. Evans informing him that FRS had been retained by Resurgent to collect from Mr. Evans the Sears/CBSD debt. The amount of the debt claimed by FRS at this time was $6,640.16.

38. This letter from FRS indicated that LVNV was the owner of the Sears/CBSD debt and that Resurgent was the current servicer of said debt.

39. Thereafter, FRS and Brian Tyler commenced an incessant stream of harassing phone calls directed to Mr. Evans and his family.

40. As Mr. Evans did with the other debt collectors referenced herein, Mr. Evans disputed the Sears/CBSD and requested that FRS desist in calling his residence and otherwise harassing he and his family.

41. These requests by Mr. Evans went unheeded by FRS which persisted in calling the Evans' household in pursuit of nonexistent debt.

42. Mr. Evans' credit report maintained by Equifax as of May 16, 2008 ("Equifax Report"), features the Sears/CBSD debt and fails to indicate that this debt was disputed by Mr. Evans. Instead the Equifax Report indicates the following:
    a) Mr. Evans is responsible for this credit account;
    b) the account was opened in November 1982;
    c) the first delinquency was June 2006; Case 2:08-mc-02025   Document 950   Filed 07/02/2008   Page 6 of 15
    d) the major delinquency was first reported to Equifax in August 2007;
    e) the account was charged off as well as transferred or sold.
43. The Equifax Report also displays LVNV which is characterized as a "Collection Account" that is disputed by Mr. Evans.
44. Mr. Evans' credit report maintained by Experian as of May 16, 2008 ("Experian Report"), features the Sears/CBSD debt and indicates that the account was "charged off" and purchased by another lender. The Experian Report fails to indicate that this debt was disputed by Mr. Evans.
45. The Experian Report indicates that the Sears/CBSD debt was opened in November 1982 and last reported as "charged off" in October 2007.
46. The Experian Report also features LVNV as a "collection account" that is past due as of May 2008. The Experian Report indicates that "Account information disputed by consumer."
47. Thereafter, Mr. Evans requested another copy of his credit report from TransUnion.
48. Despite TransUnion's previous representations, Mr. Evans' credit report maintained by TransUnion as of June 14, 2008 ("TransUnion Report"), features the Sears/CBSD debt under the heading of "Adverse Accounts" and is associated with LVNV.
49. Clearly, the Defendants ignored clear and incontrovertible facts that the Sears/CBSD debt was invalid and had no connection to Mr. Evans.
50. As a result of the foregoing illegal, outrageous, reckless and negligent conduct, Mr. Evans' credit history and credit score have been negatively impacted.

51. As a result of the foregoing illegal, outrageous, reckless and negligent conduct, Mr. Evans and his family suffered severe emotional and psychological stress, strain, anxiety, frustration, nervousness and embarrassment.

52. As a result of the foregoing illegal, outrageous, reckless and negligent conduct, Mr. Evans has lost significant time in dealing with this matter as well as experienced significant inconvenience, aggravation and frustration.

## IV. CAUSES OF ACTION

### Count I – Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)
### (James Michael Evans II v. LVNV Funding LLC, Resurgent Capital Services, LP, Financial Recovery Services, Inc. and CTI Collection Services )

53. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

54. The intentional, reckless and/or negligent conduct committed by LVNV, Resurgent, FRS and CTI (referred to collectively in Count I as "Defendants") as herein described constituted numerous and multiple violations of the FDCPA.

55. Defendants' violations of the FDCPA include, but are not limited to the following:

   a) Defendants violated 15 U.S.C. § 1692c(c) by continuing to communicate with Mr. Evans despite his and his family's requests that Defendants cease such communications;

   b) Defendants violated 15 U.S.C. § 1692d by engaging in conduct that served to harass, oppress and abuse Mr. Evans and his family;

   c) Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights;

   d) Defendants violated 15 U.S.C. § 1692e(2) by creating false impressions of the character and legal status of the debt in question;

e) Defendants violated 15 U.S.C. § 1692e(5) by threatening and/or implying to take action that cannot legally be taken and/or is not intended to be taken;

f) Defendants violated 15 U.S.C. § 1692e(10) by using false, deceptive and misleading representations in their efforts to collect the debt in question from Mr. Evans;

g) Defendants violated 15 U.S.C. § 1692f by attempting to collect upon a nonexistent debt or, at the very least, a debt not authorized by law;

h) Defendants violated 15 U.S.C. § 1692d by continuing to harass and oppress Mr. Evans despite having the knowledge that the debt in question was false;

i) Defendants violated 15 U.S.C. § 1692c by continuing to contact Mr. Evans after Mr. Evans not only disputed the debt but also made it clear that he refused to pay the debt.

56. As a result of the violations of the FDCPA committed by Defendants, Defendants are liable to Mr. Evans for compensatory damages, statutory damages, attorney's fees and litigation costs.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against Defendants for compensatory damages, exemplary damages, statutory damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate.

### Count II – Fair Credit Extension Uniformity Act (73 P.S. 2270.1 et seq.)
### (James Michael Evans II v. Sears/Citibank South Dakota N.A.)

57. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

58. Sears/CBSD is a "creditor" as contemplated by Section 2270.3 of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA").

59. The conduct of Sears/CBSD as described herein constituted numerous violations of the FCEUA.

60. These violations include, but are not limited to, the following: falsely representing the character, amount and legal status of the Sears/CBSD debt; communicating credit information about Mr. Evans to third parties which was known and/or should have been known to be false. See 73 P.S. § 2270.4(b).

61. The deliberate, wanton, reckless, grossly negligent and/or altogether unlawful conduct of Sears/CBSD warrants the imposition of treble damages, attorney's fees, litigation costs, statutory damages as well as compensatory damages.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against Sears/Citibank South Dakota N.A. for compensatory damages, exemplary damages, statutory damages, treble damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate.

### Count III – Fair Credit Reporting Act (15 U.S.C. § 1692 et seq.)
(James Michael Evans II v. LVNV Funding LLC, Resurgent Capital Services, LP, Financial Recovery Services, Inc., CTI Collection Services and Sears/Citibank South Dakota N.A.)

62. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

63. LVNV, Resurgent, FRS, CTI and Sears/CBSD (referred to collectively as "Furnishers" in Count III) committed numerous violations of the FCRA as herein described.

64. It is believed, and therefore averred, that TransUnion notified the Furnishers of Mr. Evans' dispute of the Sears/CBSD debt.

65. After receiving this notice of disputed debt from TransUnion, the Furnishers failed to conduct any form of investigation into the accuracy and/or the completeness of the information pertaining to the Sears/CBSD debt.

66. This failure to conduct any type of investigation was willful and intentional or, at the very least, reckless and negligent.

67. To the extent any such investigation was performed by any one of the Furnishers, such investigation was legally deficient, inadequate and negligently handled.

68. To the extent an investigation was performed by one or more of the Furnishers, said Furnishers failed to report the results of its investigation to TransUnion as well as to all the other credit reporting agencies which operate on a national basis and to which the information regarding the Sears/CBSD debt was forwarded.

69. To the extent one or more of the Furnishers conducted an investigation and determined that the Sears/CBSD debt was inaccurate, incomplete and/or not subject to verification, such Furnishers failed to modify, delete and/or permanently block the reporting of the Sears/CBSD debt.

70. As a result of these numerous acts and omissions committed by the Furnishers, Mr. Evans' credit was negatively impacted.

71. As a result of these numerous acts and omissions committed by the Furnishers, Mr. Evans suffered mental and emotional pain, suffering, humiliation and anguish.

72. Based on the numerous violations of the FCRA committed by the Furnishers, Mr. Evans is entitled to damages, attorney's fees and litigation costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

73. Such outrageous, deliberate and wanton acts and omissions on the part of the Furnishers warrant the imposition of punitive damages.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against the Furnishers for compensatory damages, exemplary damages, statutory damages, punitive damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate.

### Count IV – Fair Credit Reporting Act (15 U.S.C. § 1692 et seq.)
### (James Michael Evans II v. TransUnion LLC)

74. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

75. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Mr. Evans.

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 11 of 15

76. As a result of the acts and omissions of TransUnion, Mr. Evans' credit was negatively impacted.

77. As a result of the acts and omissions of TransUnion, Mr. Evans suffered mental and emotional pain, suffering, humiliation and anguish.

78. TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n.

79. In the alternative, TransUnion's conduct, action and inaction was negligent, entitling Mr. Evans to recover under 15 U.S.C. § 1681o.

80. Mr. Evans is entitled to recover litigation costs and attorney's fees from TransUnion.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against TransUnion LLC for compensatory damages, exemplary damages, statutory damages, punitive damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate. Mr. Evans further requests that TransUnion LLC be enjoined from reporting any aspect of the Sears/Citibank South Dakota N.A. credit card account.

## Count V – Fair Credit Reporting Act (15 U.S.C. § 1692 et seq.)
### (James Michael Evans II v. TransUnion LLC)

81. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

82. TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Mr. Evans' credit file (even after acknowledging notice of the inaccuracies); by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. Evans' credit file; by relying upon verification from a source it has reason to know is unreliable; and by failing to forward all relevant information to LVNV, Resurgent, FRS, CTI and Sears/CBSD.

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 12 of 15

83. As a result of the acts and omissions of TransUnion, Mr. Evans' credit was negatively impacted.

84. As a result of the acts and omissions of TransUnion, Mr. Evans suffered mental and emotional pain, humiliation and anguish.

85. TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n.

86. In the alternative, TransUnion's conduct, action and inaction was negligent, entitling Mr. Evans to recover under 15 U.S.C. § 1681o.

87. Mr. Evans is entitled to recover litigation costs and attorney's fees from TransUnion.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against TransUnion LLC for actual damages, exemplary damages, statutory damages, punitive damages, reasonable attorney's fees, litigation costs and any additional relief this Honorable Court deems appropriate.  Mr. Evans further requests that TransUnion LLC be enjoined from reporting any aspect of the Sears/Citibank South Dakota N.A. credit card account.

## Count VI – Defamation
### (James Michael Evans II v. Sears/Citibank South Dakota N.A.)

88. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

89. Sears/CBSD published the representations concerning the Sears/CBSD debt to TransUnion, Equifax and Experian. Through these credit reporting agencies, Sears/CBSD published this false information to all of Mr. Evans' potential lenders and employers on multiple occasions.

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 13 of 15

90. The publication of this falsehood constituted defamation.

91. The actions of Sears/CBSD with respect to the publication of this falsehood were both willful and with malice.

92. Sears/CBSD did not have any reasonable basis to believe that Mr. Evans was responsible for the account reported in Sears/CBSD's representation.

93. Sears/CBSD possessed substantial evidence by which to have verified that Mr. Evans was not the person who had applied and contracted for the credit in question.

94. Sears/CBSD willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom it lent money.

95. As a result of such conduct, action and inaction on the part of Sears/CBSD, Mr. Evans' credit was negatively impacted.

96. As a result of such conduct, action and inaction on the part of Sears/CBSD, Mr. Evans suffered mental and emotional pain, anguish, humiliation and embarrassment.

97. The conduct, action and inaction of Sears/CBSD was willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Mr. Evans such as to justify the imposition of punitive damages against Sears/CBSD.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against Sears/Citibank South Dakota N.A. for compensatory damages, exemplary

damages, punitive damages and any additional relief this Honorable Court deems appropriate.

### Count VII– Negligence
### (James Michael Evans II v. Sears/Citibank South Dakota N.A.)

98. Mr. Evans incorporates and realleges all prior Paragraphs as if fully set forth at length herein.

Case 2:05-mc-02025   Document 950   Filed 07/02/2008   Page 14 of 15

99. Sears/CBSD possessed a duty to maintain accurate records of its credit accounts.

100. Sears/CBSD possessed a duty to review, confirm and/or verify the identity of persons to whom it lent money.

101. The decision on the part of Sears/CBSD to ignore Mr. Evans' statements concerning the inaccuracy of Sears/CBSD's records (especially given the fact that Mr. Evans would have been twelve years old when this account was opened) clearly displays the reckless disregard and absolute violation of Sears/CBSD's duty to maintain accurate records.

102. The fact that Sears/CBSD continued to publish this inaccurate information demonstrates the wanton and outrageous character by which Sears/CBSD negligently attempted to perform its duties.

103. Such blatant and outright negligence on the part of Sears/CBSD warrants the imposition of punitive damages.

WHEREFORE, James Michael Evans II respectfully requests that judgment be entered against Sears/Citibank South Dakota N.A. for compensatory damages, exemplary damages, punitive damages and any additional relief this Honorable Court deems appropriate.

Respectfully Submitted,

Sheets, Rosselli, Horowitz & Collins LLC

By: _____
Matthew C. Collins, Esquire
Pa. Id. 84776
304 Ross Street, Ste. 303
Pittsburgh, PA 15219
mcollins@srhc-law.com
412.281.8008 (p)
412.281.4161 (f)