RICHARD F. STERN, ESQUIRE
STEVEN K. EISENBERG, ESQUIRE
KEVIN P. DISKIN, ESQUIRE
STERN AND EISENBERG LLP
THE PAVILION
261 OLD YORK ROAD, SUITE 410
JENKINTOWN, PENNSYLVANIA 19046
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Michael Evans, II<br>                    Plaintiff<br><br>          v.<br><br>LVNV Funding, LLC, Resurgent Capital<br>Services, LP, Financial Recovery Services, Inc.,<br>CTI Collection Services, Sears/Citibank SD, NA,<br>and TransUnion, LLC<br>                    Defendant(s) | Civil Division<br><br>No.  08-CV-920<br><br>Document No: |

**ANSWER TO COMPLAINT**

LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, Inc. ("Resurgent") as successors to Sears/Citibank SD, N.A., by and through their counsel, Stern and Eisenberg, LLP, hereby respond in opposition to the Complaint of Plaintiff as follows:

PARTIES

1.          Denied.  Said allegations are a conclusion of law to which no response is required.  It appears that the application for credit for the account in question was made by the parents of James Michael Evans, II, under Plaintiff's social security number and the account was utilized at a time when Plaintiff was underage and of age, with Plaintiff's consent and knowledge.

2.          Denied as stated.  The address of LVNV is admitted.  All other allegations are denied as conclusions of law.

3.          Denied as stated.  The address of Resurgent is admitted.  All other allegations are denied as conclusions of law.

4.          Denied as not directed to answering Defendants.

5.          Denied as not directed to answering Defendants.

6.          Denied as stated.  The address of Sears is admitted.  All other allegations are denied as conclusions of law.

7.          Denied as not directed to answering Defendants.

JURISDICTION AND VENUE

8.          Denied as stated.  Said allegation is a conclusion of law to which no response is required.

9.          Denied as stated.  Said allegation is a conclusion of law to which no response is required.

10.        Denied as stated.  Said allegation is a conclusion of law to which no response is required.

FACTUAL BACKGROUND

11.        Denied as stated.  Any letter speaks for itself.

12.        Denied as stated.  The letter speaks for itself.

13.        Denied as stated.  To the extent it is admitted that the debt was incurred, said allegation is admitted.  As to the legal definitions, said allegation is denied as a conclusion of law.

14.        Denied as stated.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.

15.        Denied as stated.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.

16.        Denied as stated.  It is averred and alleged that Mr. Evans communicated that the debt was "incurred" by his parents, Mr. and Mrs. Michael Evans, utilizing his SSN in 1995 when he was 12 years old, but that they continued to utilize the credit when Mr. Evans reached the age of majority; that his mother was and is responsible for the debt.

17.          Denied as stated.  See response to 16.

18.          Denied as stated.  See response to 16.

19.          Denied as stated.  See response to 16.

20.          Denied as stated.  See response to 16.

21.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Further, the document speaks for itself.

22.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Further, the document speaks for itself.

23.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Further, the document speaks for itself.

24.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Further, the document speaks for itself.

25.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Said allegation is not directed at responding Defendants.

26.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Said allegation is not directed at responding Defendants.

27.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Said allegation is not directed at responding Defendants.

28.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Said allegation is not directed at responding Defendants.

29.          Denied as stated.  After reasonable investigation, answering Defendants are
             without sufficient information to either admit or deny the allegations and they
             are therefore denied.  Said allegation is not directed at responding Defendants.

30.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.  Said allegation is not directed at responding Defendants.

31.        Denied as stated. Any letter speaks for itself.

32.        Denied as stated. Any letter speaks for itself.  It is admitted that the obligation to
           Sears is owned by LVNV.

33.        Denied as stated.  Any letter speaks for itself.

34.        Denied as stated.  Plaintiff is aware of the circumstances under which the
           obligation was incurred under his name by his parents with his approval while
           he was an adult.

35.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.  Said allegation is not directed at responding Defendants.

36.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.

37.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.  Said allegation is not directed at responding Defendants.
           Any letter speaks for itself.

38.        Denied as stated.  Any letter speaks for itself.

39.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.  Said allegation is not directed at responding Defendants.
           Further denied as it appears Plaintiff was fully aware of the use of the card and
           approved such use.

40.        Denied as stated.  After reasonable investigation, answering Defendants are
           without sufficient information to either admit or deny the allegations and they
           are therefore denied.  Said allegation is not directed at responding Defendants.

41.         Denied as stated.  After reasonable investigation, answering Defendants are
            without sufficient information to either admit or deny the allegations and they
            are therefore denied.  Said allegation is not directed at responding Defendants.

42.         Denied as stated.  After reasonable investigation, answering Defendants are
            without sufficient information to either admit or deny the allegations and they
            are therefore denied.  Said allegation is not directed at responding Defendants.

43.         Denied as stated.  The document speaks for itself.

44.         Denied as stated.  The document speaks for itself.  There is no allegation that
            Plaintiff ever made any dispute to Equifax.

45.         Denied.  The report speaks for itself.

46.         Denied as stated.  The report speaks for itself.

47.         Denied as stated.  After reasonable investigation, answering Defendants are
            without sufficient information to either admit or deny the allegations and they
            are therefore denied.

48.         Denied as stated.  The report speaks for itself.

49.         Denied.  Said allegation is a conclusion of law.  It is further denied that Mr.
            Evans is or was unaware of the account taken in his name and utilized for years
            with his permission while he was an adult.

50.         Denied.  Said allegation is a conclusion of law.  It is denied that there was any
            improper conduct on the part of Defendants.

51.         Denied.  Said allegation is a conclusion of law.  It is denied that there was any
            improper conduct on the part of Defendants.  It is denied there is any harm as a
            result of Defendants' actions.

52.         Denied.  Said allegation is a conclusion of law.  It is denied that there was any
            improper conduct on the part of Defendants.  It is denied there is any harm as a
            result of Defendants' actions.

                            COUNT I - CAUSES OF ACTION

53.         Defendants hereby incorporate their responses to paragraphs 1 through 52 as
            though set forth at length herein.

54.         Denied.  Said allegation is a conclusion of law to which no response is required.
            It is further denied that there is any violation of FDCPA.

55.     Denied.  Said allegations are a conclusion of law to which no responses is required.  (a-i)  To the extent said allegation is directed at Defendants other than responding Defendants, after reasonable investigation, Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.  Further denied that answering Defendants undertook any improper conduct for the obligation incurred under the name of Michael Evans.

   a. Denied.  Said allegation is a conclusion of law to which no response is required.
   b. Denied.  Said allegation is a conclusion of law to which no response is required.
   c. Denied.  Said allegation is a conclusion of law to which no response is required.
   d. Denied.  Said allegation is a conclusion of law to which no response is required.
   e. Denied.  Said allegation is a conclusion of law to which no response is required.
   f. Denied.  Said allegation is a conclusion of law to which no response is required.
   g. Denied.  Said allegation is a conclusion of law to which no response is required.
   h. Denied.  Said allegation is a conclusion of law to which no response is required.
   i. Denied.  Said allegation is a conclusion of law to which no response is required.

56.     Denied.  Said allegation is a conclusion of law to which no response is required.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

COUNT II - FAIR CREDIT EXTENSION UNIFORMITY ACT

57.     Defendants hereby incorporate all responses to paragraphs 1 through 56 as though set forth at length herein.

58.     Denied as stated.  Said allegation is a conclusion of law to which no response is required.

59.     Denied as stated.  Said allegation is a conclusion of law to which no responses is required.

60.     Denied as stated.  Said allegation is a conclusion of law to which no responses is required.

61.     Denied as stated.  Said allegation is a conclusion of law to which no responses is required.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

COUNT III - FAIR CREDIT REPORTING ACT

62.        Defendants hereby incorporate all responses to paragraphs 1 through 61 as though set forth at length herein.

63.        Denied.  It is denied that there has been any violations.

64.        Denied.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.

65.        Denied.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.  Further, it appears that Plantiff's allegation may be based upon speculation upon some unidentified "notice"/writing.

66.        Denied.  Said allegation is a conclusion of law to which no response is required.

67.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

68.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

69.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

70.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

71.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

72.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

73.        Denied.  Said allegation is based upon speculation and is a conclusion of law to which no response is required.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

COUNT IV - FAIR CREDIT REPORTING ACT

74.        Defendants hereby incorporate their responses to paragraphs 1 through 73 as though set forth at length herein.

75.      Denied as said allegation is not directed at responding Defendants.

76.      Denied as said allegation is not directed at responding Defendants.

77.      Denied as said allegation is not directed at responding Defendants.

78.      Denied as said allegation is not directed at responding Defendants.

79.      Denied as said allegation is not directed at responding Defendants.

80.      Denied as said allegation is not directed at responding Defendants.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

## COUNT V - FAIR CREDIT REPORTING ACT

81.      Defendants hereby incorporate their responses to paragraphs 1 through 73 as though set forth at length herein.

82.      Denied as said allegation is not directed at responding Defendants.

83.      Denied as said allegation is not directed at responding Defendants.

84.      Denied as said allegation is not directed at responding Defendants.

85.      Denied as said allegation is not directed at responding Defendants.

86.      Denied as said allegation is not directed at responding Defendants.

87.      Denied as said allegation is not directed at responding Defendants.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

## COUNT VI - DEFAMATION

88.      Defendants hereby incorporate their responses to paragraphs 1 through 87 as though set forth at length herein.

89.      Denied.  It is denied that there was any improper information conveyed.  See response to 16.

90.      Denied.  Said allegation is a conclusion of law to which no response is required.

91.      Denied.  Said allegation is a conclusion of law to which no response is required.

92.      Denied.  Said allegation is a conclusion of law to which no response is required. Further denied as the claims of Plaintiff appear to be based on the alleged conduct of his parents and approved by him.

93.      Denied as stated.  See response to 16.

94.      Denied.  Said allegation is based on speculation.

95.         Denied.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.

96.         Denied.  After reasonable investigation, answering Defendants are without sufficient information to either admit or deny the allegations and they are therefore denied.

97.         Denied.  See response to 16.  Further, denied as there was no improper conduct by Defendants.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

## COUNT VII - NEGLIGENCE

98.         Defendants hereby incorporate their responses to paragraphs 1 through 97 as though set forth at length herein.

99.         Denied as stated.  Said allegation is a conclusion of law to which no response is required.

100.        Denied as stated.  Said allegation is a conclusion of law to which no response is required.

101.        Denied as stated.  Said allegation is a conclusion of law to which no response is required.  Further, it is denied that Defendants acted improperly in any manner.

102.        Denied as stated.  Said allegation is a conclusion of law to which no response is required.  Further, it is denied that Defendants acted improperly in any manner.

103.        Denied as stated.  Said allegation is a conclusion of law to which no response is required.  Further, it is denied that Defendants acted improperly in any manner.

WHEREFORE, Defendants respectfully request judgment in their favor and against plaintiff for any and all amounts allowed under the law.

## NEW MATTER

100.        The Plaintiff fails to state a claim upon which relief may be granted.

101.        Plaintiff fails to join indispensable parties.  (Specifically, his mother).

102.     Plaintiffs' claims are barred or limited to the extent their own acts or omissions caused and/or contributed to the alleged damages.

103.     The actions and occurrences at issue, even if proven, do not entitle Plaintiff to an award of actual or treble damages or attorney fees.

104.     Plaintiff failed to mitigate or minimize their damages.

105.     Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, *res judicata*, and collateral estoppel.

106.     Plaintiffs' damages, if any, result wholly or in part from their own negligence or misconduct, and not from any actions of Defendants.

107.     Defendants' actions with respect to the obligation at issue are justified.

108.     Some or all of the Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of set-off.

109.     The Plaintiff fails to set forth a claim for which relief can be granted.

110.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

111.     The relief sought is not authorized as a matter of law.

112.     The relief sought is barred by the statute of frauds.

113.     The relief sought is barred by the doctrine of waiver.

114.     Plaintiff's claims are barred by the doctrine of unclean hands.

115.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate any alleged damages.

116.     Plaintiff's claims are barred by the applicable statute of limitations.

117.     Plaintiff reserves the right to amend/set-forth additional defenses as may be ascertained during discovery.

118.     Plaintiff reserves the right to amend the answer to include additional defenses

and/or joinder of additional parties and/or counterclaims as may be appropriate

and determined through the course of discovery.

                                    STERN AND EISENBERG LLP

                           BY:     /s/ Richard F. Stern
                                   RICHARD F. STERN
                                   STEVEN K. EISENBERG,
                                   KEVIN P. DISKIN,
                                   Stern and Eisenberg LLP
                                   The Pavilion
                                   261 Old York  Road, Suite 410
                                   Jenkintown, PA 19046
                                   215-572-8111

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Michael Evans, II<br>                    Plaintiff<br><br>       v.<br><br>LVNV Funding, LLC, Resurgent Capital<br>Services, LP, Financial Recovery Services, Inc.,<br>CTI Collection Services, Sears/Citibank SD, NA,<br>and TransUnion, LLC<br>                    Defendant(s) | Civil Division<br><br>No.  08-CV-920<br><br>Document No: |

## <u>CERTIFICATE OF SERVICE</u>

I, STEVEN K. EISENBERG ESQ., hereby certify that a true and correct copy of the within Answer and New Matter was served on Plaintiff's Counsel in accordance with the Rules of Civil Procedure on the date set forth below.

Matthew C. Collins, Esquire
304 Ross Street, Suite 303
Pittsburgh, PA 15219


                                        STERN AND EISENBERG LLP

                       BY:    /s/ Steven K. Eisenberg_____
                              Richard F. Stern
                              Steven K. Eisenberg
                              Kevin P. Diskin
                              Stern and Eisenberg LLP
                              410 The Pavilion
                              261 Old York Road
                              Jenkintown, PA 91046
                              215-572-8111
                              Attorney for Movant

DATE: 9/3/2008